Browne<br>v.<br>Hilton.

*Defendant defaulted.*

---

## ABIGAIL MORIARTY *versus* JEREMIAH LOVEJOY.

In the case of an attachment of mortgaged personal property in an action against J.
M. M., the mortgagor, the mortgagee delivered to the attaching officer a writing to
the following effect : — This certifies that J. M. M. is indebted to me by note to the
amount of $981 and interest ; and that as security I hold property in his posses-
sion which appears in the town records of Gloucester ; a mortgage dated February
23d, 1835 ; also property recorded February 3d, 1838 ; for this reason I forbid you
or any other officer from touching said property." It was *held*, that this was not a
sufficient statement of an account of the sum due on the mortgages, nor a sufficient
demand of payment of the same, under Revised Stat. c. 90, § 78, 79, because it
did not particularly describe the property mortgaged, nor allege that it was the
same then attached and in the hands of the officer, nor demand payment either ex-
pressly or impliedly, of any sum due on the mortgages.

TROVER for a chaise and harness. The case was tried be-
fore *Dewey* J.

The chaise was conveyed to the plaintiff, as executrix of her
husband, by John M. Moriarty, by deed of mortgage dated
the 3d of February, 1838, and duly recorded in the town of
Gloucester, where the mortgagor resided. The harness was
mortgaged to the plaintiff's husband by John M. Moriarty, by
deed dated the 23d of February, 1835, and duly recorded in
Gloucester. The defendant, as a deputy sheriff, attached the
chaise and harness on the 7th of February, 1838, on a writ in
favor of W. H. Milton & Co. against the mortgagor, and af-
terwards sold them on the execution in that suit. This was
the taking and conversion for which the present action was
brought.

Henry Phelps testified, that on the 28th of March, 1838,
he presented to the defendant, on behalf of the plaintiff, a
writing as follows : —

" Boston, March 28th, 1838. This certifies that John M.
Moriarty of Gloucester is indebted to me by note to the
amount of nine hundred and eighty-one dollars with interest ;
and that as security I hold property in his possession, which

appears on the town records of Gloucester ; a mortgage dated February 23d, 1835 ; also property recorded February 3d, 1838 ; for this reason I have authorized Henry Phelps, Esq., to forbid you or any other officer from touching said property.

(Signed) Abigail Moriarty, (and a seal.)

Witness, Joseph Moriarty.

I therefore forbid you or any other officer from touching said property.                        (Signed) Henry Phelps."

This was all the evidence of any demand on the defendant for the money for which the chaise and harness were mortgaged, or of any statement of an account of the sum due on the mortgages.

It was ruled, for the purposes of the trial, that this was a sufficient demand and statement of account, under the statute, and a verdict was found for the plaintiff. To this ruling the defendant excepted.

The Revised Stat. c. 90, § 78, 79, enact, that any personal property of a debtor, that is subject to any mortgage, pledge or lien, may be attached as if unincumbered, provided the attaching creditor shall pay or tender to the mortgagee, pawnee, or holder of the property, the amount for which it is so liable, within twenty-four hours after the same is demanded ; and that "every such mortgagee, pawnee or holder shall, when demanding payment of the money due to him, state, in writing, a just and true account of the debt or demand for which the property is liable to him, and deliver it to the attaching creditor or officer ; and if the same is not paid or tendered to him, within twenty-four hours thereafter, the attachment shall be dissolved and the property shall be restored to him," &c.

*Perkins*, for the defendant.

*Lord*, for the plaintiff.

DEWEY J. afterward drew up the opinion of the Court. By the provisions of the Revised Stat. c. 90, § 78, the property for the taking of which damages are demanded in this action, was legally subject to attachment, although under a mortgage to the plaintiff. This right of attachment is however upon the condition that the party making the same shall, within twenty-four hours after demand of payment of the sum due on the mortgage, pay and discharge the same.

Preliminary to the right of vacating the attachment by the *Moriarty* mortgagee for the non-payment of the debt secured by the *v.* mortgage, is the duty or the part of the mortgagee, of stating *Lovejoy.* a just and true account of the debt due, and demanding payment of the same. Upon recurring to the evidence offered to show a statement of the mortgagee of the amount due, and a demand of payment of the same, it is found to be defective in several particulars.

1. It does not particularly describe the property mortgaged, but merely alleges an indebtedness of one John M. Moriarty and the holding of certain property as security, without naming it specifically, but referring to the town records, and stating the date of the mortgage.

2. It does not allege that the property mortgaged was the same then attached and in the hands of the officer, but describes it as property in the possession of John M. Moriarty.

3. It does not demand the payment of any money due on the mortgage, either expressly or impliedly.

For these reasons, the statement of the amount due and the demand made, were, in the opinion of the Court, entirely defective and insufficient under the statute, to defeat the attachment under which the defendant then held the property. No right of action, therefore, had accrued to the plaintiff, at the time of instituting her suit, and she cannot maintain her action.

The verdict, which was for the plaintiff, is to be set aside, and a new trial had, unless the plaintiff consents to become ronsuit.